## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

DONALD LEWIS DAVIS,

      Plaintiff,

    v.

WARDEN THOMAS E. BERGAMI,

      Defendant.

Civil Action
No. 21-15868 (CPO) (SAK)

**OPINION**

**O'HEARN, District Judge.**

Before the Court is Plaintiff's Complaint alleging claims pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42. U.S.C. § 2000cc *et seq*. (ECF No. 1.) Pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the Court has screened the Complaint and will dismiss it as frivolous.

In this case, Plaintiff contends that in 2006, God and Uriel the Archangel personally revealed to him "that he is the reincarnation of Jeremiah the Prophet," and that "this is his third Divine Mission on earth." (ECF No. 1-1, at 5.)  Among other things, the Archangel Uriel visited Plaintiff and advised him that if he wanted his ex-wife back, "he had to go tell USP-Tucson's administration that the time has come to kill all heathens and unbelievers[,] starting with the homosexuals." (*Id.* at 13.)  Plaintiff completed that task. (*Id.*)  In 2013, Plaintiff alleges that "it was revealed to him in a dream that his second Divine Mission on earth was as Peter, the disciple who first recognized that Jesus was the Christ." (*Id.*)

With regard to his current institution, FCI Fairton, Plaintiff alleges that God personally instructed him not to take the vaccine against COVID-19, because "the true cure for the . . . plague,

and the true prevention of future plagues, is the removal of the . . . 'great sin.'"[1] (*Id*. at 9.)  The Court notes, that in his submissions, Plaintiff states that he has spent time at the mental health and psychology units of various facilities. (*Id*. at 12–13.)

As a result of these events, Plaintiff contends that Defendant, Warden Bergami, is forcing him "to choose between obeying his God's instruction not to take the . . . vaccination and forfeit the benefits that come[] with being in General Population, or disobey his God's instruction in order to remain in General Population." (*Id*. at 9.)  In terms of relief, Plaintiff seeks injunctive and declaratory relief to bar Defendant's vaccine policy, as it places a "substantial burden on his religious beliefs." (*Id*.  at 9–10.)

Under our jurisprudence, frivolous claims include "claims based on an indisputably meritless legal theory and claims whose factual contentions are clearly baseless." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)); *Harris v. U.S. Fed. Gov't*, No. 08-0294, 2008 WL 474245, at *2 (M.D. Pa. Feb. 20, 2008).  "Within the former category fall those cases in which either it is readily apparent that the . . . [case] lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality."  *Id*. (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).  In making this determination, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of plaintiff's allegations," but must "pierce the veil of the complaint's factual allegations"

---

[1] Plaintiff describes the "great sin" as "a sin for any group of people to violate the national constitutional laws of a free nation," referring to the Moorish nation. *See generally Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241, 243–53 (D.N.J. 2011) (describing the Moorish movement).

to decide if the claims are "fantastic or delusional," "fanciful" or "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Here, the Complaint sets out a proper legal theory, tracing the elements of a RLUIPA claim. Generally, the RLUIPA, among other things, "allows prisoners 'to seek religious accommodations pursuant to the same standard as set forth in" the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq*. *Holt v. Hobbs*, 574 U.S. 352, 358 (2015) (quoting *Gonzales v. O Centro Espírita Beneficente Uniõ do Vegetal*, 546 U.S. 418, 436 (2006)).  The RFRA "prohibits the Federal Government from taking any action that substantially burdens the exercise of religion unless that action constitutes the least restrictive means of serving a compelling government interest." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 690–91 (2014).

The "same standards apply in RFRA and RLUIPA cases," but RLUIPA applies "on a more limited category of governmental actions." *Watson v. Christo*, 837 F. App'x 877, 881 n.6 (3d Cir. 2020) (quoting *Burwell*, 573 U.S. at 695).  Consequently, to state a claim under RLUIPA, "Plaintiff must allege facts that indicate that the federal government substantially burdened a sincerely held religious belief." *See, e.g.*, *Martinez v. United States*, No. 21-4336, 2021 WL 2224268, at *4 (D.N.J. June 2, 2021) (citing *Holt*, 574 U.S. at 360–61); *Gambino v. Cassano*, No. 17-0830, 2021 WL 1186794, at *5 (D.N.J. Mar. 30, 2021).  A substantial burden exists where:

> 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs.

*Washington v. Klem*, 497 F.3d 272, 280 (3d Cir. 2007).  As Plaintiff's allegations purposefully trace the elements of a RLUIPA claim, his legal theory is not "indisputably meritless."  *Roman*, 904 F.2d at 194.

The substance of his allegations, however, that he is personally receiving instructions from heavenly beings, and that in past lives he was Jeremiah the Prophet and Saint Peter are "clearly removed from reality." *Sayyed v. Six Churches*, 705 F. App'x 770, 771 (10th Cir. 2017) (affirming the dismissal as frivolous the claims of a self-proclaimed prophet); *Fassett v. Nelson*, No. 21-85, 2021 WL 4342191, at *2 (D. Utah June 8, 2021) (dismissing as frivolous the claims of a self-proclaimed prophet); *Harvey v. Kirk*, No. 19-411, 2019 WL 5150035, at *4 (N.D.N.Y. May 9, 2019) (same); *Williams v. Garcia*, No. 15-709, 2015 WL 3823124, at *1 (S.D. Tex. June 18, 2015) (same); *Hunter v. Douglas Cty. Dist. Ct.*, No. 14-3048, 2014 WL 4538055, at *3 (D. Kan. Sept. 11, 2014) (same); *Sandoval v. Tillett*, No. 09-2311, 2009 WL 3423294, at *1 (S.D. Cal. Oct. 23, 2009) (same).  Additionally, the Court finds that amendment in this case would be futile.

As Plaintiff's factual allegations are fantastical, delusional, and wholly incredible, the Court will dismiss this case with prejudice as frivolous.  An appropriate Order follows.

Dated:  September 9, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**